### 10443

#### HUGHES v. NORTON *ET AL.*

#### (103 S. E. 585.)

TRUSTS—PROVISION IN TRUST DEED ONE AGAINST REVERSION, AND NOT A
LIMITATION TO HEIRS.—A clause in a trust deed providing that after ·
the death of the beneficiary for life the property was to be assigned
to the absolute use of the child or children of the *cestui que trust,*
"and if there should be no issue of the said S. living at the time of
her death, then in trust for the use of her heirs, executors and admin-
istrators, *freed and discharged from all trusts,*" *held* not a limita-
tion to heirs, but a provision against reversion, and in effect a limi-
tation to such persons as she might by will appoint with reference
·   to her estate generally, otherwise to heirs generally or to the admin-
istrator for settlement of the estate.

Before GARY, J., Charleston, January, 1920.    Affirmed.

Action by Horatio C. Hughes, as substitute trustee under
the deed of the late Mrs. Phœbe Hippins, and as executor of
the last will and testament of Sarah Manley Smith, deceased,
against Edith Callender Norton and others.    Judgment for
plaintiff, and defendants appeal.

*Messrs. Benjamin H. Rutledge* and, *Jno. K. Berry,* for
apppellants, cite: *Property involved is personalty, and under*

*an executory trust, so that rule in Shelley's case does not apply:* 84 S. C. 470. *Under the deed those who took are purchasers, and are those who take as heirs at law of Sarah Manley Smith under statute of distributions:* Williams Ex'ors, vol. II, 1194; 7 Rich. Eq. 289; McM. Eq. 205; 3 Rich. Eq. 543; Bail. Eq. —; 37 S. C. 255; 105 S. C. 131; 146 Mass. 424; 2 Myl. & Keen Chan. R. 69; 5 Ves. 399; 4 Ves. 649; 1 J. & W. 388; 16 Beavan 557; 3 DeS. 259; 3 Brown's Ch. Cas. 224; 3 Ves., Jr., 146; 2 J. & W. 270; 7 Allen 72; 109 Mass. 589. *"Heirs of the body" in a deed of gift words of purchase, not of limitation:* 2 Atkins 88; *Ibid.* 642; 84 Law Times Rep. (N. S.) 545; 93 Pa. St. 102; 1 Rich. Eq. 324; 108 Mass. 382.

*Messrs. Hagood, Rivers & Young,* for respondents. No citations.

June 28, 1920.

The opinion of the Court was delivered by MR. CHIEF JUSTICE GARY.

This appeal involves the construction of a certain deed, which is thus described in the plaintiff's complaint:

"On the 25th day of August, 1855, Mrs. Phœbe Hippins, by deed dated on that day under her hand and seal, granted unto Julius Clarence Smith, of the city of Charleston, S. C., all and singular her personal estate, consisting of certain shares of capital stock in the Bank of Charleston, S. C., and certain shares of the capital stock of the State Bank of said city and State, to have and to hold the same unto Mrs. Hippins during her lifetime, paying to her the dividends of said stock and upon her decease to assign, transfer, and set over the shares in the State Bank to Mrs. Ann Eliza Hunting and Joseph Benjamin Callender, their heirs, executors, administrators, and assigns and to hold the capital stock in said Bank of Charleston, in trust for the use of Mrs. Sarah

Manley Smith, above named, for the term of her natural life for the benefit of herself and children, so that neither said property nor the income thereof should be liable for the debts of her husband, and after the death of the said Mrs. Sarah Manley Smith, the said trustee or his successor as trustee to assign said shares of stock in the Bank of Charleston to the absolute use of the child or children of the said Mrs. Sarah Manley Smith then living, or the child or children of any that may have died, in equal proportions, share and share alike if more than one, and, if only one, to that one absolutely, the issue then living of any deceased child to take, by representation, the parent's share. And if there should be no issue of the said Sarah Manley Smith living at the time of her death, then in trust for the use of her heirs, executors and administrators, freed and discharged from all trusts."

In construing the last provision in the deed, the master, to whom all issues were referred, says:

"I understand this provision to be, not a limitation to heirs, but a provision against reversion, and in effect a limitation to such persons as she might by will appoint with reference to her estate generally; otherwise to heirs generally, or to the administrator for settlement of her estate."

The report of the master was adopted by his Honor, the Circuit Judge, and the attorney for the Callenders appealed upon a single exception, which is as follows:

"That the Circuit Judge erred in holding, 'I am of the opinion that under the trust deed in question the property involved in this litigation upon the death of the life tenant in said trust deed became a portion of her estate and subject to the provisions of her will;' whereas, he should have held that the said property was limited to the heirs generally of Sarah Manley Smith."

Similar words to "heirs, executors, and administrators" in the provision as to the rights of Mrs. Sarah Manley

Smith, are to be found in the clause relating to the gift to Mrs. Eliza Hunting and Joseph Benjamin Callender in the following connection:

"* * * To have and to hold the same unto Mrs. Hippins during her natural life, and upon her decease to assign, transfer and set over the shares in the State Bank to Mrs. Ann Eliza Hunting and Joseph Benjamin Callender, *their heirs, executors, administrators, and assigns.*"

Omitting the conditions in the clause as to Mrs. Sarah Manley Smith, which conditions did not arise, it would read as follows:

"* * * To hold the capital stock in said Bank of Charleston in trust for the use of Mrs. Sarah Manley Smith, above named, for the term of her natural life, for the benefit of herself and her children, * * * then in trust for the use of *her heirs, executors, and administrators, freed and discharged of all trusts.*"

The words which we have italicized in the two clauses, show an intention to make Mrs. Eliza Hunting and Joseph Benjamin Callender and Mrs. Sarah Manley Smith the absolute owners of the shares; the only difference in the two clauses being that the gift to Mrs. Sarah Manley Smith was subject to certain conditions which did not become effective.

Affirmed.